OPINION
Appellant Walter Russell appeals the trial court's order designating him a sexual predator under R.C. 2950.09(B)(1). Russell assigns fourteen errors; eleven[1] raise constitutional issues resolved by the Ohio Supreme Court's decision in State v.Cook (1998), 83 Ohio St.3d 404, our decision in State v. Ward
(January 28, 1999), Cuyahoga App. No. 72371 unreported, and other cases[2] from various districts throughout the state. Consequently, Russell's assigned errors one, two, and four through twelve are overruled. However, the following assigned errors raise non-constitutional issues and will be discussed below:
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
 XIII. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE HEARING COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A PSYCHOLOGICAL EVALUATION BY AN EXPERT.
 XIV. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION, WAS NOT IN EFFECT AT THE TIME OF THE HEARING.
Having reviewed the record and arguments of the parties, we affirm the trial court's decision on all of the assigned errors including those that do not raise constitutional issues. However, we remand to the trial court for an order vacating the trial court's designation of Russell as a habitual sexual offender. The apposite facts follow.
Early in the sexual predator hearing, the prosecutor outlined for the trial court that three types of sexual offenders exist in Ohio under R.C. 2950: (1) a sexually oriented offender, one who is convicted of a sexual offense; (2) a habitual offender, one who is convicted of two separate cases of sexual offenses; and (3) a sexual predator, one who is likely to reoffend. The prosecutor then pointed out to the court that Russell should be labeled a sexual oriented offender by virtue of his plea to the sexual crimes charged, and she then requested the trial court find that the factors of R.C. 2950.09(B) apply to him and designate him a sexual predator.
The prosecutor reminded the court of the charges and the presentencing report since this court had sentenced Russell. The state charged him initially with five counts of rape, two counts of attempted rape, disseminating material harmful to juveniles, illegal use of a minor in nudity oriented material, and two counts of felonious sexual penetration. On November 27, 1995, Russell pleaded guilty to an amended indictment alleging two counts of sexual battery, two counts of gross sexual imposition, and one count of disseminating material harmful to juveniles.
During the hearing, Russell's lawyer made various motions that the court denied. Among them the lawyer requested a psychological expert. However, the lawyer failed to state a basis for this motion. In fact, his lawyer had filed a general request and did not state on the record what factors existed that would warrant an expert. The lawyer in arguing this motion stated, "Judge, I've spoken with Mr. Russell. He has no prior psychiatric treatment, or care. I don't believe he's in need. His history is indicative of no patterns that would suggest that he is likely to engage in future sexually-oriented offenses, so while I will stand on that motion, your Honor, I will not argue it." (Tr. 7.)
At the request of the prosecution, the trial court took judicial notice of the crimes charged against Russell, his plea, the presentence report, and the sentence. The prosecution then argued but did not testify that Russell raped two separate victims; however, the state charged him for one case. Russell raped his nieces (related by marriage) ages 13 and 11. The rapes occurred over a year and on numerous occasions. Russell used deception and secrecy to commit his crimes. The victims contracted a sexually transmitted disease. The state asked the court to designate Russell a sexual predator.
The defense argued at best Russell qualified as a sexual oriented offender. He had no priors and no evidence existed that he transmitted the disease. Russell's sister came forth to argue for early release and that Russell would not reoffend. She in substance blamed the victims' mother for her brother's rapacious behavior.
The trial court then restated what it had read in the presentence probation report. The report told that over a-year and a half Russell, who lived on the second floor duplex, uncle to Yolanda, age 11 and Lowanda, age 12, raped both at separate times. The rapes occurred in his van and in his house. The girls lived on the first floor of the duplex. He followed one to school, intercepted her and took her to his house, showed her pornography and raped her. This rapacious behavior, the trial court concluded, sufficiently established Russell as a sexual predator. After finding him a sexual predator, the court went on to designate Russell an habitual offender.
In his third assigned error, Russell argues the evidence before the trial court did not meet the clear and convincing standard of proof required by R.C. 2950.09 (B). We disagree.
It is axiomatic that the trial court must determine by clear and convincing evidence that the offender is a sexual predator. R.C. 2950.09(C)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assoc. v. Massengle (1991), 58 Ohio St.3d 121,122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. It is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required "beyond a reasonable doubt in criminal cases." In re Soeder's Estate (1966), 7 Ohio App.2d 271, 310. It does not mean clear and unequivocal. Cross at 477, citing Merrickv. Ditzler (1915), 91 Ohio St. 256.
In Cross, the Ohio Supreme Court set forth the guidelines that we must follow as a reviewing court when the standard of proof is clear and convincing. We must examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. Id.
"The mere number of witnesses who may support a claim of one or the other of parties to an action is not to be taken as a basis for resolving the disputed facts." Id. The degree of proof required is determined by the impression which the evidence makes on the trier of facts. Id. It is the character of the evidence and its testimonial value. Here, the trial court had before it the oral arguments of the lawyers, the presentence probation report, the record of sentencing, and one defense witness.
The evidence in this record substantially showed that Russell was likely to reoffend. The evidence showed that over a period of a year and a half, Russell raped his nieces. They lived on the first floor; he lived on the second floor with his family. When the girls would visit, he would seize the opportunity to rape one of them. On one occasion, he followed one to school and took her to his house and raped her. Both girls were diagnosed with a sexually transmitted disease. Both girls were under the age of thirteen. Russell told the girls that if they did not keep it a secret their family would break up. Russell blamed the girls for his activities, and on one occasion, he showed pornography to one and then raped her.
R.C. 2950.09(B)(2) sets forth the following factors to be considered when determining a sexual predator:
a. The offender's age;
 b. The offender's prior criminal record regarding all offenses, including sex offenses;
c. The age of the victim;
d. Whether the offense involved multiple victims;
 e. Whether the offender used drugs or alcohol to impair the victim or prevent the victim's resistance;
 f. Whether the offender completed any prior sentence and, if the prior offense was a sex offense, whether the offender participated in available programs for sexual offenders;
g. Any mental illness or disability of the offender;
 h. The nature of the offender's sexual activity with the victim and whether it was part of a demonstrated pattern of abuse;
i. Whether the offender displayed or threatened cruelty;
 j. Any additional behavioral characteristics that contribute to the offender's conduct.
A majority of the factors are not required to find a sexual predator. State v. Stauter (July 17, 1998), Greene App. No. 97CA72, unreported; citing, State v. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported. "The trial court may rely on one factor more than another." Id. citing State v.Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, unreported. Our burden is to find if the record contained sufficient facts. Cross at 477. One indictment containing numerous incidents and one or two children is sufficient under the statute. State v. Gonzalez (June 17, 1998), Defiance County, No. 4-97-32, p. 2 (Gonzalez raped his stepdaughter over a period of time but had no prior convictions for either sexual offenses or other crimes.)
We agree that R.C. 2950.09(B)(2) requires a determination of a pattern of abuse. Here, the state showed that over a period of a year and a half Russell raped his two nieces and used his position of trust and authority to accomplish the acts.
The trial court is not required to point specifically to the R.C. 2950.09(B)(2) factors that it believed would lead the offender to reoffend. It is sufficient for us to examine the record and determine if clear and convincing evidence existed. Overwhelming statistical evidence supports the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. See State v. Condron (Mar. 27, 1998), Montgomery App. No. 16430, unreported, affirmed (1998),84 Ohio St.3d 11.
Russell argues that this is his only offense and that he had no prior record of sex offenses. We agree that past behavior is often an indicator of future behavior. However, the absence of it is not a sufficient basis to find against the sexual predator's status when overwhelming evidence exists in the record of factors (a), (c), (d), (h) and (j). We note that factor (b) prior criminal record is only one factor out of 8 and the statute specifically points out that these 8 factors are just some of the factors to be considered. Factor (j), any additional behavioral characteristic that contribute to offenders conduct, sets forth a catch-all clause that provide for the court's ability to look at the use of pornography, and the failure of the offender to accept responsibility for his action. Here, Russell used pornography to facilitate the rape of one of the girls.
Additionally, he denied the crimes and blamed the girls. InCondron the appellate court noted that denial of sexual offenses may be used by the trial court in determining sexual predator status. The court stated, "In determining whether a probationer qualifies as a high risk offender, pedophile, or predatory rapist, the risk of re-offending is determined by 10-13 variables including the offender's `degree of denial.'" Id. citing Roe v.Office of Adult Probation (2nd Cir. 1997), 125 F.3d 47. Here, Russell denied the rapes and blamed the girls for his behavior. Russell's denial may be used as a factor to determine his likelihood of reoffending. As the court in Cross pointed out, the evidence need not be unequivocal and it must have evidentiary value. In this case, we conclude that all of the facts used by the trial court had evidentiary value. Accordingly, Russell's assigned error three is overruled.
In his thirteenth assigned error, Russell argues the trial court erred when it denied his request for a psychological evaluation. We disagree.
R.C. 2950.09(B) does not mandate an expert witness at a sexual predator hearing. "Expert testimony is among the types of evidence that may be offered by either party at the hearing required under R.C. 2950.09(B)(1), but the language of the statute does not require such evidence and, in any event, the presentation of such evidence would not require the court to adopt the expert's recommendation." State v. Watts (May 5, 1998), Montgomery County No. 16738, unreported. Other courts have followed the same reasoning as Watts. See State v. Blanton (June 1, 1998), Warren App. No. CA97-12-125, unreported, affirmed (1998), 84 Ohio St.3d 37; State v. Goney (10/23/98), Montgomery App. No. 16990, State v. Hix (Nov. 20, 1998), Montgomery County No. 16965, unreported.
From our research, only two appellate districts have passed on this issue. Today, we add our voice to that logic and concur with Watts that an expert's conclusion is not mandated under the sexual predator statute. Consequently, R.C. 2950.09 does not mandate the appointment of an expert for an indigent. However, if need is shown then an indigent is entitled to a state expensed expert.
We are not unmindful that the language of the statute mandates the opportunity to present expert witnesses. However, we read this as not a blanket requirement but more in line with the requirement of experts in non-capital cases. An indigent is not entitled to an expert in a non capital case. See State v. Weeks
(1989), 64 Ohio App.3d 595. Consequently, we believe the opportunity language in the statute is discretionary and not mandatory. State v. Broom (1988), 40 Ohio St.3d 277, certiorari denied (1989), 490 U.S. 1075.
In Broom, the Ohio Supreme Court, interpreting AKE v. Oklahoma
(1985), 470 U.S. 68. and Caldwell v. Mississippi (1985),472 U.S. 320, held that an indigent seeking appointment of an expert witness from the court "must show more than a mere possibility of assistance from an expert." Broom at 283. The court set forth the following factors to be considered:
 (1) the value of the expert assistance to the defendant's proper representation at either the guilt or sentencing phase of an aggravated murder trial; and (2) the availability of alternative devices that would fulfill the same functions as the expert assistance sought.
Id.
In Weeks, the appellate court applying these factors stated the following:
 We will use these factors as a guide in determining whether the trial court abused its discretion. We also bear in mind that in any case where an indigent defendant seeks appointment of an expert, the defendant bears the initial burden of establishing the reasonableness of his request. "At a minimum, the indigent defendant must present the trial judge with sufficient facts with which the court can base a decision. * * * Undeveloped assertions that the proposed assistance would be useful to the defense are patently inadequate."
Weeks at 598, citing State v. Scott (1987), 41 Ohio App.3d 313,315.
Here, Russell made a blanket request for an expert and the trial court denied it. We conclude the trial court did not abuse its discretion. Russell's thirteenth assigned error is overruled.
In his final and fourteenth assignment of error, Russell argues the trial court erroneously imposed registration requirements since the applicable statute was not effective at the time of the hearing.
To support his argument, Russell relies on this court's ruling in State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported. Hooks is different from the facts here. In Hooks,
R.C. 2950.04(A)(2) applied. That section of the statute does not apply here. The correct code section to apply is R.C. 2950.04(A)(1). The key difference between the two code sections is the time of sentencing and release date. R.C. 2950.04 applies in the case sub judice because Russell's release date will occur after the effective date, which is July 1, 1997. R.C. 2950.04(A)(1) specifically states:
 [I]f the offender is sentenced * * * to a prison term, * * * and if, on or after the effective date of this section, the offender is released
in any manner from the prison term, * * * within seven days of the offender's coming into any county * * * the offender shall register with the sheriff of that county.
Although Russell was sentenced and had his determination hearing prior to the registration duties became effective, his probation or release date will occur after said date. Thus, the trial court properly imposed registration duties on Russell. This final assignment of error is overruled.
We note that the trial court found Russell to be a habitual sexual offender, and on this record that was error, we remand to the trial court to correct this finding only.
Judgment affirmed and remanded.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, P.J., and MICHAEL J. CORRIGAN, J., CONCUR.
PATRICIA ANN BLACKMON, JUDGE.
[1] See Appendix.
[2] State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, C-970283, unreported, affirmed (1998), 84 Ohio St.3d 17;State v. Nicholas (Apr. 6, 1998), Warren App. Nos. CA97-05-045, CA97-04-035, CA97-05-046, CA97-05-052, CA97-04-036, CA97-05-044, CA97-95-047, unreported, affirmed (1998), 84 Ohio St.3d 20;State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported; State v. Gropp (Apr. 8, 1998), Lorain App. No. 97CA006744, unreported; State v. Avery (Apr. 14, 1998), Union App. No. 14-97-30, unreported; State v. Tracy (May 20, 1998), Summit App. No. 18623, unreported; and State v. Rodgers
(Aug. 21, 1998), Hamilton App. No. C-970597, unreported.
APPENDIX
ASSIGNMENTS OF ERROR
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ARTICLE I, SECTION 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28 OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
 X. H.B, 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION.
 XI. THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
 XII. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.